## In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

### No. 1038.

United States District Court,
E.D. Texas,
Beaumont Division.

July 24, 1997.

Chris Parks, Parker & Parks, Port Arthur, TX, Roger Brosnahan of Brosnahan, Joseph & Suggs, Minneapolis, MN, Turner Branch, Branch Law Firm, Alberquerque, NM, for Plaintiff.

John W. Vardaman, F. Lane Heard III, Steve Farina, Williams & Connolly, Washington, DC, Paul W. Gertz, Larry Germer, Karen Bennett of Germer & Gertz, Beaumont, TX, for Defendant.

### ORDER CLARIFYING PRACTICE AND PROCEDURE ORDER NO. 5

SCHELL, Chief Judge.

This matter is before the court on Defendants' Motion to Clarify Practice and Procedure Order No. 5 filed on June 18, 1997. Plaintiffs filed a response on July 10, 1997. Defendants filed a reply on July 16, 1997. Upon consideration of the motion, response, and reply, the court ORDERS that Plaintiffs adhere to the following guidelines in answering Defendants' interrogatories and responding to Defendants' requests for production:

1. All interrogatory responses must be signed by the plaintiff and witnessed. For interrogatories served after July 18, 1997, Plaintiffs' interrogatory responses must be accompanied by a signed verification that is sworn in the following manner: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." [1]

2. Each plaintiff must provide complete answers, irrespective of any objections, to Defendants' First Set of Interrogatories to All Plaintiffs and Defendants' First Request for Production of Documents to All Plaintiffs. Additionally, each plaintiff must provide complete

---

1. *See* 28 U.S.C. § 1746(1).

answers, irrespective of any objections, to Defendants' supplemental interrogatories to the extent they seek information deemed discoverable by this court in Practice and Procedure Order No. 5 or any subsequent orders clarifying Practice and Procedure Order No. 5.

3. Each plaintiff shall properly execute, without alteration, the court-approved medical authorization that is attached to the discovery request. If a health care provider requires a special form that differs from the attached medical authorization in order to retrieve medical records, each plaintiff shall provide an authorization in the form necessary to secure release of the medical records.

Finally, Defendants also requested that the court require Plaintiffs to provide the name and addresses, as well as any other identifying information that is necessary to enable Defendants to locate the medical providers who prescribed, inserted, and/or removed Norplant in responding to Interrogatory Nos. 3 & 5 of Defendants' First Set of Interrogatories to All Plaintiffs.[2] Given the specificity with which Defendants propounded Interrogatory No. 1,[3] the court DENIES Defendants' request to make specific that which is general. Had they wished to, Defendants could have made Interrogatory Nos. 3 & 5 more specific by requesting names and addresses as was done in Interrogatory No. 1. Defendants may serve supplemental interrogatories requesting the names and addresses, as well as any other identifying information that is necessary to enable Defendants to locate the medical providers who prescribed, inserted, and/or removed Norplant.

---

**2.** Interrogatory Nos. 3 & 5 merely ask each plaintiff to "identify" the provider who prescribed, inserted, and/or removed Norplant. Defendants did not provide a definition of "identify".

**3.** Interrogatory No. 1 specifically requests the names and addresses of the providers by whom each plaintiff has been treated or examined for any reason whatsoever during the ten years prior to insertion of Norplant.